## CHARLIE GABBART v. J. J. JOHNSON.

Decided April 10, 1909.

**1.—School Districts—Change of Lines—Statute Construed.**

The purpose of the statute (article 3938, Rev. Stats. as amended by Act 1899, Gen. Laws 1899, p. 321) was to prevent disturbance of existing conditions in a school district when once lawfully brought about, and in this respect there is no difference between a school district after a lawful addition of territory has been made as provided in said article and a district as originally formed. The policy of nondisturbance applies in the one case as well as the other.

**2.—Same.**

After the boundaries of a school district have been legally enlarged upon petition of persons affected by the change, the Commissioners Court has no authority on its own motion to restore the lines to their original position, nor can the fact that the people in the added territory acquiesced in the last action of the court, make such action valid.

**3.—Same—Contested Election—Collateral Attack.**

When the power of the Commissioners Court has been lawfully exercised in enlarging the boundaries of a school district, any irregularity in the proceedings, as for instance including in the territory a person who did not petition therefor, could not be available to annul the action of the court in a collateral proceeding, such as a contest over the office of trustee for said school district.

Appeal from the District Court of Comanche County. Tried below before Hon. N. R. Lindsey.

*McMillan & Reid,* for appellant.—Under the law then in force Commissioners' Courts could change the original lines of school districts only upon the application of a party or parties living along such line, and could only make such change as to include the party or parties petitioning therefor in the district to which they desired to be transferred. Acts of the Twenty-sixth Legislature, 1899, p. 321; Supplement to Sayles' Civil Statutes, art. 3938.

Commissioners' Courts have authority to rescind or repeal such of their acts as are in their nature legislative, and the changing of district lines is a legislative act. Collingsworth County v. Myers, 35 S. W., 414.

*Calloway & Calloway,* for appellee.

CONNER, CHIEF JUSTICE.—This is a contest over the office of trustee for Union Grove School District number sixty-three, of Comanche County. From the facts found by the trial court it appears that Comanche County was regularly subdivided into school districts in accordance with section 40, General Laws 1895, page 182

(Revised Statutes, article 3938); after which, on to wit, November 18, 1904, the Commissioners' Court, as authorized by the Acts of 1899, page 321 (article 3938, Sayles' Supplement), upon the petition of W. S. Stephens and seven others who lived in adjoining districts, changed the line of district number sixty-three so as to include the petitioners therein. At the February term, 1905, the Commissioners' Court, acting upon its own motion, passed an order rescinding the former order of November 18, 1904, restoring the lines of district number sixty-three to its original boundaries. During the years 1906 and 1907 the order of the February term, 1905, seems not to have been resisted, all persons living within the territory added to district number sixty-three by the order of November 18, 1904, taking no part in the affairs of district number sixty-three, but voted, etc., within the districts of which they originally constituted a part. At the regular trustee election for school district sixty-three in April, 1908, however, the voters residing in the added territory came into district number sixty-three and voted at said election. At this election appellee received a majority of all the votes cast, but appellant received the majority of the votes cast by persons living within the original boundaries of district number sixty-three. The vital question presented to us for determination, therefore, is whether the order of the Commissioners' Court at its February term, 1905, revoking its former order of November 18, 1904, was one within the power of the Commissioners' Court to make.

Revised Statutes, article 3938, as amended by Act approved June 6, 1899 (General Laws, 1899, p. 321), provides, so far as necessary to here set out, that: "It shall be the duty of the County Commissioners' Court of all organized counties not already subdivided to subdivide their respective counties into convenient school districts by the first day of June, 1899, or as soon thereafter as practicable, and counties hereafter organized shall be subdivided before the beginning of the next ensuing school year (provided, that nothing in this article shall be construed to affect counties that have been placed under the community system). Said courts shall designate said school districts by numbers; provided, that when districts are once established they shall not be changed except upon the following conditions, to wit: When any patron or patrons of any school district desire to be transferred to any adjoining district they shall make application to the Commissioners' Court of their county for a change in the district line, and if it shall appear to the said court upon full and complete evidence that the desired change in the district line will divide the distance more equally between the two schools affected by the change, and that the patrons so petitioning live nearer by the most practical road to the school to which they desire to be attached than to the one from which they seek to be released; or if it shall appear to the said court that there is an uncontrollable and dangerous obstacle between the houses of said petitioning patrons and the school to which they have heretofore been attached, and that the school to which they desire to be attached is more accessible than the former, the said Commissioners' Court may change the district line as requested, but said change shall be by unanimous consent of all the commissioners elected. The Commissioners'

Court shall also have power to correct all errors in school district lines and to complete said lines when they are defective."

The evident purpose of the Legislature was to prevent disturbance of existing conditions when once lawfully brought about, and in this respect it seems difficult to differentiate between a district as originally formed and as formed after the addition of territory under the statute. The policy of nondisturbance—of preserving and maintaining the *status quo*—would seem to apply as well to the district after it has been lawfully enlarged as before. If this be true, we think we must approve the trial court's conclusion that the order of the Commissioners' Court at its February term, 1905, was void because in direct contravention of the statute. There is nothing in the record to suggest that this order was made for the purpose of correcting any error in the district lines as they had been fixed by the order of November 18, 1904. Unless there was some error or defect in the lines of the enlarged district the Commissioners' Court was forbidden to change the lines save upon "petition," as provided in the Act. The purpose of conferring the power to change the original lines was evidently to enable the Commissioners' Court to so adjust the lines as to subserve the interest and convenience of those situated on or near the lines of the original districts, and when upon petition of persons to be affected the Commissioners' Court so adjust the lines, we think the district is to be thereafter considered as if thus originally established.

These conclusions lead to an affirmance of the judgment, inasmuch we think the acquiescence on the part of the people in the added territory in the order of February, 1905, for the years 1906 and 1907 can not have the effect to validate an order otherwise void. Nor do we regard as of any consequence appellant's contention that in the added territory there lived one person who did not join in the petition to be added to district number sixty-three, particularly in view of the nature of this proceeding. The power of the Commissioners' Court to pass the order of November 18, 1904, was certainly invoked by the petition filed in that court. Jurisdiction having been thus invoked and exercised, the irregularity, if it be an irregularity, of including a person not petitioning therefor, is not available in a collateral proceeding, as this must be held to be.

We conclude that the judgment must be affirmed upon the trial court's conclusions of fact and of law, which we adopt.

*Affirmed.*